**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GORDON MARTIS,

          Petitioner-Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; STEPHEN N.
SIX,[*] Attorney General of the State of
Kansas,

          Respondents-Appellees.

No. 07-3185
(D.C. No. 05-CV-3207-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[**]

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

      A Kansas state-court jury convicted Gordon Martis of one count each of

first degree premeditated murder, second degree intentional murder, attempted

[*]      Pursuant to Fed. R. App. P. 43(c)(2), Stephen N. Six is substituted for Phill
Kline as a respondent in this appeal.

[**]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

first degree murder, and attempted second degree murder. He was sentenced to life imprisonment without the possibility of parole for forty years on the first count and concurrent lesser sentences on the other counts. After the Kansas Supreme Court affirmed his convictions, *see State v. Martis*, 83 P.3d 1216, 1239 (Kan. 2004), he filed a 28 U.S.C. § 2254 habeas corpus petition in the district court, raising five constitutional claims. The district court denied relief in a thorough and well-reasoned decision, and also denied his request for a certificate of appealability (COA).

Mr. Martis then sought a COA from this court. *See* 28 U.S.C. § 2253(c). We granted his request in a prior order, limited to the question whether the state trial court denied his Sixth Amendment right to confront prosecution witnesses by precluding him from questioning those witnesses concerning the affect on their testimony of criminal charges pending against them. We now affirm the district court's denial of Mr. Martis's § 2254 petition on this issue and deny his request for a COA on a second issue.

Because the Kansas Supreme court considered and ruled on Mr. Martis's Sixth Amendment claim, we apply a highly-deferential standard of review to the state court's legal conclusions. Thus, he is entitled to relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to"

clearly established federal law if it applied "a rule that contradicts the governing law set forth in Supreme Court cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court" but arrives at a different result. *Gonzales v. Tafoya*, 515 F.3d 1097, 1109 (10th Cir. 2008) (quotations and brackets omitted). "A state court decision involves an 'unreasonable application' of federal law if the state court identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotation and brackets omitted).

In order to qualify for relief under this standard, Mr. Martis must identify Supreme Court precedent supporting his contention of a constitutional violation. And "the state court decision must be diametrically different and mutually opposed to the Supreme Court decision itself." *Id.* (quotations omitted). Further, it is insufficient for Mr. Martis to demonstrate that the state court's decision was incorrect; "the state court's application of federal law must be objectively unreasonable." *Id.* Applying this standard, the district court held that the Kansas Supreme Court's factual distinction of Mr. Martis's case from *Davis v. Alaska*, 415 U.S. 308 (1974), was not unreasonable or contrary to Supreme Court precedent. The court also concluded that this case is distinguishable from *Delaware v. Van Arsdall*, 475 U.S. 673 (1986).

Mr. Martis argues that the Kansas courts unreasonably applied clearly-established federal constitutional law. He first asserts that the Kansas Supreme Court relied primarily on state evidentiary rules in affirming the trial court's ruling, "glossing over the constitutional argument." Aplt. Br. at 19. We disagree. While the court did initially consider whether the proposed cross-examination was admissible under state law, it then proceeded to examine his constitutional claim. *See Martis*, 83 P.3d at 1228. Mr. Martis also contends that he is entitled to relief under Supreme Court cases holding that cross-examination of a witness for bias is a right protected by the Sixth Amendment. But he fails to address the factual distinctions between his case and the relevant Supreme Court precedent. Further, although he argues that the Kansas Supreme Court's ruling was wrong, he does not demonstrate that its application of federal law was objectively unreasonable.

We have carefully reviewed Mr. Martis's submissions, as well as the record. For substantially the reasons set forth in the district court's Order dated June 6, 2007, we conclude that he has failed to demonstrate that the state court's decision with respect to his Sixth Amendment claim was contrary to or an unreasonable application of clearly-established federal law.

Mr. Martis also seeks a COA on a second issue involving the trial court's exclusion of evidence. We conclude that he has failed to make "a substantial

-4-

showing of the denial of a constitutional right." § 2253(c)(2).  We therefore deny his request for a COA and dismiss that portion of his appeal.

The district court's denial of federal habeas corpus relief with respect to Mr. Martis's Sixth Amendment claim is AFFIRMED.  His request for a COA on his second claim for relief is DENIED and that portion of his appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge